WUERSCH & GERING, LLP
100 Wall Street, 21st Floor
New York, New York 10005
(212) 509-5050
Stephen B. McNally, Esq.
Francesco D. Di Pietro, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x
In re:                                 :
                                       :
IRON MINING GROUP, INC.,               :   Chapter 11
                                       :   Case No.
                    Debtor.            :
---------------------------------------x

## AFFIDAVIT PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

STATE OF CALIFORNIA     )
                        ) ss.:
COUNTY OF LOS ANGELES   )

GARRETT KRAUSE, being duly sworn, deposes and says:

1. I am the President of International Mining Group, Inc., the debtor and debtor-in-possession herein (the "Debtor"). I am familiar with the facts and circumstances as recited herein. My duties with the Debtor include managing and running the Debtor's daily operations. The Debtor is an iron ore mining company, with its focus on the acquisition and development of iron ore mining properties in Chile and Mexico. The Debtor maintains an office at 295 Madison Avenue, 12th Floor, New York, New York 10017. This affidavit is submitted pursuant to Rule 1007-2 of the Local Bankruptcy Rules of this Court.

2. On August 24, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court and an Order for Relief was entered. The Debtor continues to manage its property and affairs as a debtor-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code. No

committee of creditors has been appointed.

3. The Debtor sought protection under the Bankruptcy Code because of a scheduled collateral sale of the Debtor's share interests in its Chilean and Mexican subsidiaries. The intended collateral sales are the subject of litigation initiated by the Debtor entitled <u>Iron Mining Group, Inc. v. MST Financial, LLC, Globe Specialty Metals, Inc., Marco International Corporation, Sunrise Securities Corp., Alan Kestenbaum and Nathan A. Low</u>, pending in the Supreme Court of the State of New York, County of New York under Index No. 651936/2011 (the "Pre-Petition Litigation"). In the Pre-Petition Litigation, the Debtor seeks to recover damages arising from the defendants wrongful conduct in proposing an equity financing conditioned on a "bridge loan" that allowed the defendants to gain access to the Debtor's assets and confidential business information and operations. The Debtor alleges that the defendants unduly delayed due diligence and reneged on commitments to provide equity financing, inducing a breach of the Debtor's "bridge loan." The defendants then noticed collateral sales, seeking to convert the Debtor's assets at firesale prices.

4. Given the time necessary to pursue various reorganization strategies, the Debtor believes that it can successfully and expeditiously exit Chapter 11.

5. Pursuant to LBR 1007-2(a)(4), a list containing the names and addresses of what I believe to be the Debtor's twenty largest unsecured creditors have been filed with the Debtor's Chapter 11 Petition.

6. Pursuant to LBR 1007-2(a)(5), the holders of the five largest secured creditors of the Debtor and a brief description and estimate of the value of the secured collateral is set forth in Schedule D to the Chapter 11 Petition.

7. Pursuant to LBR 1007-2(a)(6), an approximate summary of the Debtor's assets

and liabilities are set forth in my Schedules B, D, E and F to the Chapter 11 Petition.

8. Pursuant to LBR 1007-2(a)(7), the shares of stock of the Debtor are publicly traded and the holders of the publicly traded shares are set forth on the Ownership Register attached hereto as Exhibit "A".

9. Pursuant to LBR-1007-2(a)(8), there is no property of the Debtor in possession or custody of any public officer, receiver, trustee, pledge, assignee of rents, liquidator, secured creditor, or agent of any such person.

10. Pursuant to LBR 1007-2(a)(9), the Debtor does not itself have any commercial real property leases. The Debtor occupies its office at 295 Madison Avenue, 12th Floor, New York, New York 10017 without expense at the sufferance of a major shareholder.

11. Pursuant to LBR 1007-2(a)(10), Debtor's assets and its books and records are all located at 120 Outrigger Mall, Marina Del Rey, CA 90265 in my possession.

12. Pursuant to LBR 1007-2(a)(11), the only pending actions or proceedings against the Debtor are as follows:

(i) *MST Financial, LLC v. Iron Mining Group, Inc., et als.*, Index #652276/2011, Supreme Court of State of New York, County of New York, Commercial Division;

(ii) *Iron Mining Group, Inc. v. MST Financial, LLC, et als.*, Index # 651936/2011, Supreme Court of the State of New York, County of New York;

(iii) *Sterling Pardoe McGregor, et al. v. Worldvest Group, LLC, et al.*, Case #BC443672, Supreme Court of California, County of Los Angeles;

13. Pursuant to 1007-2(a)(12) the individuals who currently compromise the Debtor's

existing management, their tenure with the Debtor and their responsibilities are as follows:

Garrett Krause, President, since November 13, 2008.

14. The Debtor has no full-time employees. The estimated payroll (exclusive of officers, directors and stockholders) for the 30 day period following the filing of the Chapter 11 petition is $0.00.

15. The amount proposed to be paid for services for the thirty (30) day period following the filing of the chapter 11 petition to the officers, directors, and shareholders of the company is $20,000.

16. During the thirty (30) day period following the commencement of the chapter 11 case, the Debtor expects to break even and/or make a slight profit, without providing for any payment on account of secured claims. Expenses and disbursements (inclusive of all salaries and taxes) for the month should total approximately $46,825.00.

17. The Debtor believes that under the supervision of the Bankruptcy Court, it will be able to restructure its business and pay creditors substantially more than they would receive if the Debtor went through a forced liquidation.

_____
Garrett Krause, President

Sworn to before me this
24th Day of August 2011

Notary Public
— Please See Attached
Notary Certificate
— csn
— 8-24-2011

# CALIFORNIA JURAT WITH AFFIANT STATEMENT

GOVERNMENT CODE § 8202

☑ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–6 to be completed only by document signer[s], not Notary)

1. ~~~~~~
2. ~~~~~~
3. ~~~~~~
4. ~~~~~~
5. ~~~~~~
6. ~~~~~~

_____
Signature of Document Signer No. 1

_____
Signature of Document Signer No. 2 (if any)

State of California
County of __Los Angeles__

Subscribed and sworn to (or affirmed) before me on this __24__ day of __August__, 20__11__,
by
(1) __Garrett Krause__,
   Name of Signer

proved to me on the basis of satisfactory evidence to be the person who appeared before me (.) (,)

(and

(2) _____,
   Name of Signer

proved to me on the basis of satisfactory evidence to be the person who appeared before me.)

Signature _____
          Signature of Notary Public

**Notary Seal:**
CHUCK JIRO MURAYAMA
Commission # 1814851
Notary Public - California
Los Angeles County
My Comm. Expires Oct 9, 2012

Place Notary Seal Above

─────── **OPTIONAL** ───────

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Further Description of Any Attached Document**

Title or Type of Document: __Affidavit__

Document Date: __8-24-2011__   Number of Pages: __4__

Signer(s) Other Than Named Above: _____

RIGHT THUMBPRINT OF SIGNER #1 — Top of thumb here
RIGHT THUMBPRINT OF SIGNER #2 — Top of thumb here

© 2010 National Notary Association • NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)                                    Item #5910